UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

LUIS ANTONIO ORTIZ,                                    Case No.: 16-cv-2128 (VEC)

                            Plaintiff,

            -vs.-

ROCKWELL COFFEE SHOP INC. d/b/a
ROCKWELL'S COFFEE SHOP, MATTHEW M.
AZIMI, ALI AHMED and ADEL MOHAMED SALIM
a/k/a ADAL MOHAMED SALIM,

                            Defendants.
-------------------------------------------------------------------X

**PROPOSED JOINT PRE-TRIAL ORDER**

        Having conferred among themselves and with the Court pursuant to Rule 16 of the
Federal Rules of Civil Procedure, the parties adopt the following statements, directions,
and agreements as the Joint Pretrial Order.

**I.        CAPTION**

The full caption appears above.

**II.       TRIAL COUNSEL**

Trial Counsel for Plaintiff:

Louis M. Leon (LL2057)
The Law Offices of William Cafaro
108 West 39th Street, Suite 602
New York, New York 10018
Tel: (212) 583-7400
Fax: (212) 583-7401
E-mail:  LLeon@CafaroEsq.com

Trial Counsel for Defendants

Nicholas Schretzman (NS0714)
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178
Tel: (212) 309-6257

Fax: (212) 309-6001
E-mail: nicholas.schretzman@morganlewis.com

### III.    SUBJECT MATTER JURISDICTION

Plaintiff's Statement:

Plaintiff asserts that subject matter jurisdiction exists over their Fair Labor Standards Act ("FLSA") claims pursuant to 28 U.S.C. § 1331, insofar as the FLSA is a federal statute, 29 U.S.C. §§ 201 *et seq.*, and thus presents a federal question. With respect to Plaintiff's New York Labor Law ("NYLL") claims, it is asserted that supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 as the NYLL claims share a common nucleus of operative facts with the FLSA claims.

Defendants' Statement

Defendants assert that the Court does not have subject matter jurisdiction over Plaintiff's FLSA claims based on conduct alleged to have occurred in 2014 and 2016. The FLSA only covers employees of companies that (1) have gross receipts over $500,000, and (2) have two employees that are either engaged in interstate commerce, engaged in the production of goods for interstate commerce, or handle, sell or otherwise work on goods or materials that have been moved in or produced for commerce. *See* 29 U.S.C. § 203(s)(1)(A). Defendant Rockwell's Coffee Shop, Inc. ("Rockwells") has produced its tax returns for the years 2014 and 2016, and those returns reflect that Rockwells did not have gross receipts over the $500,000 jurisdictional threshold in either of those years.

### IV.    CLAIMS AND DEFENSES

Plaintiff's Statement

This is an action for money damages brought by the Plaintiff, Luis Antonio Ortiz. Mr. Ortiz brings this suit alleging minimum wage and overtime violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.* ("FLSA"), violations of the New York Labor Law, N.Y Lab. Law §§ 190, *et seq.* and 650, *et seq.* ("NYLL") and the spread of hours' and overtime wage orders of the New York Commission of Labor codified in the New York Codes, Rules and Regulations ("NYCRR") specifically, 12 NYCRR §146, *et seq*[.]. Plaintiff asserts the following claims, all of which remain to be tried:

**a.    Violation of the Minimum Wage Provisions of the FLSA**. Plaintiff alleges that Defendants were his employers and willfully failed to pay him the required minimum wage under the law. 29 U.S.C. §§ 206, 216, 255.

   **b.**  **Violation of the Minimum Wage Provisions of the NYLL**. Plaintiff alleges that Defendants were his employers and willfully failed to pay him the required minimum wage under the law. NYLL §§ 652 (1), 663; 12 NYCRR §146-1.2.

   **c.**  **Violation of the Overtime Wage Provisions of the FLSA**. Plaintiff alleges that Defendants were his employers and willfully failed to pay him overtime at 1.5 times his regular rate hour hours above 40 worked in a week. 29 U.S.C. §§ 207, 216, 255.

   **d.**  **Violation of the Overtime Wage Provisions of the NYLL**. Plaintiff alleges that Defendants were his employers and willfully failed to pay him overtime at 1.5 times his regular rate for hours above 40 worked in a week. 12 NYCRR §146-1.4.

   **e.**  **Violation of the Spread of Hours Provisions of the NYLL**. Plaintiff alleges that Defendants were his employers and willfully failed to pay him an additional hour's pay for each day that the interval between the beginning and end of his workdays was more than ten hours. 12 NYCRR § 146-1.6.

   **f.**  **Violation of the Notice and Recordkeeping Provisions of the NYLL**. Plaintiff alleges that Defendants were his employers and failed to provide him with a written notice, in English and Spanish (Plaintiff's primary language), of his rate of pay and other information as required by the NYLL § 195(1).

   **g.**  **Violation of the Wage Statement Provisions of the NYLL.** Plaintiff alleges that Defendants were his employers and failed to provide him with wage statements together with each payment of wages, as required by NYLL §195(3).

   Plaintiff originally pleaded a cause of action under the substantive contract law of the state of New York. Plaintiff waves this cause of action, as such, it need not be tried by the Court.

**<u>Defendants' Statement</u>**

   <u>State and Federal Minimum Wage and Overtime Claims</u>

   Plaintiff did not work at Rockwell's Coffee Shop in 2014. During the period that Plaintiff was employed at Rockwell's, Plaintiff was paid a regular rate of pay of $19 per hour (not including meals), which is well above the applicable minimum wages, and in those instances that Plaintiff worked over 40 hours in a single work week, Plaintiff was paid 1.5 times his regular rate of pay for each additional hour of work.

   Additionally, Defendants are not liable under the FLSA for the years 2014 and 2015 because Rockwell had less than $500,000 in gross receipts in those years.

Furthermore, to the extent individual defendants Adel Salim and Ali Ahmed were ever Plaintiff's "employers" as that term is defined by the FLSA and NYLL, neither were his employers for the entirety of his employment at Rockwell's Coffee Shop. Defendant Adel Salim had no involvement with Plaintiff until May 2015, at the earliest, and Defendant Ali Ahmed had no involvement with Mr. Ortiz after May 2015, at the latest.

Spread of Hour Claim

12 NYCRR § 146-1.6 does not apply because Plaintiff never worked more than ten hours in a given work day. 12 NYCRR § 146-1.6. Furthermore, where, as here, an employee is paid a regular hourly rate in excess of the minimum wage, the employer is not liable under 12 NYCRR § 146-1.6. *See Zubair v. EnTech Eng'g P.C.*, 808 F. Supp. 2d 592, 601 (S.D.N.Y. Aug. 17, 2011) (granting defendants judgment as a matter of law on the plaintiff's spread of hours claim because neither the plaintiff or the defendants disputed that the plaintiff received more than minimum wage); *Espinosa v. Delgado Travel Agency, Inc.*, 2007 WL 656271, at *3 (S.D.N.Y. Mar. 2, 2007) (dismissing plaintiffs' spread of hours claims because plaintiffs' hourly rates were above the applicable minimum wage, and, therefore, "they are not entitled to receive an additional hour at the minimum rate on days in which their spread of hours exceeded ten."). Therefore, even if Plaintiff did work in excess of ten hours in a single work day, which Defendants dispute, Defendants did not violate 12 NYCRR § 146-1.6.

Wage Statements/Paystub Claims

All wages owed were paid to Plaintiff in a complete and timely manner and therefore Defendants are not liable under NYLL § 195(1). NYLL § 198(1-b).

**V.    JURY OR BENCH TRIAL**

This case is to be tried with a jury. The Parties believe three trial days are needed.

**VI.    CONSENT TO TRIAL BEFORE A MAGISTRATE**

All parties have not consented to trial by a Magistrate.

**VII.    JOINT STIPULATIONS OF LAW AND FACT**

Joint Stipulations of Fact

1.    The Plaintiff filed this action in the United States District Court in the Southern District of New York on March 22, 2016.

2.    Each Defendant was timely served with the Complaint.

3.      Rockwell Coffee Shop Inc. is located at 105 Broad Street, New York, NY 10004.

Joint Stipulations of Law

1.      The statute of limitations for FLSA actions is two years, or three in cases of "willful" violations.  29 U.S.C. §255

2.      The statute of limitations under the New York Labor Law is six years. N.Y. Lab. Law §§ 198(3), 663(3).

3.      The Plaintiff's employment does not fall under any exemption from the FLSA or the NYLL requirement to pay time and half for overtime to an employee working in excess of 40 hours in any given week.

## VIII.   STATEMENT OF DAMAGES

A calculation of the Plaintiff's damages, based on his best recollections, is appended hereto as Exhibit "1".

In order to calculate the Plaintiff's claims for back wages, his regular rate of pay must first be determined.  *Llolla v. Karen Gardens Apt. Corp.*, 2014 U.S. Dist. LEXIS 44884, *24 (E.D.N.Y. Mar. 10, 2014).  In order to calculate the Plaintiff's regular rate of pay, the salary paid is divided by 40 regular hours.  *See* 29 C.F.R. §778.113; 12 NYCRR 146-3.5 (b) ("[T]he employee's regular hourly rate of pay shall be calculated by dividing the employee's total weekly earnings…by the lesser of 40 hours or the actual number of hours worked by that employee during the work week"); *Yuquilema v. Manhattan's Hero Corp.*, 2014 U.S. Dist. LEXIS 120422, *14 (S.D.N.Y. Aug. 26, 2014) ("[T]here is a rebuttable presumption that a weekly salary covers the first 40 hours"). Furthermore, New York's hospitality wage order provides that the regular hourly rate for hospitality workers – like the Plaintiff - is "calculated by dividing the employee's total weekly earnings [by] 40 hours." Miguel v. Mi Bella Puebla Corp., 2017 U.S. Dist. LEXIS 145172, at *11 (E.D.N.Y. Sep. 6, 2017) (quoting 12 NYCRR § 146-3.5(b)).

To the extent that this regular rate of pay falls below the statutory minimum wage, Plaintiff is owed the difference between the minimum wage and the regular rate of pay. This difference is then multiplied by 40 regular hours worked by the Plaintiff and then that product was multiplied by the approximate number of weeks within that set time interval.

In order to calculate the back wages associated with the Plaintiff's overtime claim, one and one half times his regular rate of pay or the statutory minimum wage (whichever is greater) is multiplied by the number of overtime hours the Plaintiff worked in the set time interval and then that product was multiplied by the approximate number of weeks within that set time interval.

As a hospitality worker, Plaintiff is seeking compensation for unpaid spread of hours compensation pursuant to 12 NYCRR § 142-2.4. Plaintiff's spread of hours compensation is calculated by multiplying the applicable minimum wage rate by the number of days the Plaintiff's spread of hours exceededten hours. *Rodriguez v. Obam Mgmt.*, 2016 U.S. Dist. LEXIS 34154, *16 (S.D.N.Y. Mar. 14, 2016) (internal quotations and citations omitted).

Plaintiff is also claiming maximum statutory damages for the Defendants' failure to provide proper annual wage statements under N.Y. Lab. Law § 195(1), 198(1-b). This section provides for a statutory remedy of $5,000.00. Plaintiff is also claiming maximum statutory damages for the Defendants' failure to provide proper weekly wage statements under N.Y. Lab. Law § 195(3), 198(1-d). This section also provides for a statutory remedy of $5,000.00.

Plaintiff is seeking liquidated damages at a rate of 100% of back wages for the time period in which the NYLL was applicable, and 100% of back wages for the time period under which FLSA applied. Where there was an overlap between the statutory period of the FLSA and NYLL, Plaintiff seeks liquidated damages under either law. *See, e.g.*, *Yu Y. Ho v. Sim Enters.*, 2014 U.S. Dist. LEXIS 66408, *50-51 (S.D.N.Y. May 13, 2014); *Ahmed v. Subzi Mandi, Inc.*, 2014 U.S. Dist. LEXIS 115228, *14 (E.D.N.Y. May 27, 2014).

Plaintiff is seeking prejudgment interest pursuant to N.Y. Lab. Law §198(1-a) at a rate of 9% *per annum* on the New York State causes of action. Because the underpayments occurred at various times, interest was computed from a single reasonable intermediate date. *See Gunawan v. Sake Sushi Rest.*, 897 F.Supp.2d 76, 93 (E.D.N.Y 2012). The prejudgment interest rate was multiplied by amounts owed. This was then multiplied by the approximate number of years within that set time interval. It should be noted that prejudgment interest is ongoing. In addition, under New York law, prejudgment interest may be awarded in addition to liquidated damages. *See Gonsalez v. Marin*, 2014 U.S. Dist. LEXIS 77421, *41 (E.D.N.Y. Apr. 25, 2014); *Maldonado v. La Nueva Rampa, Inc.*, 2012 U.S. Dist. LEXIS 67058, *36-37 (S.D.N.Y. May 14, 2012).

Lastly, Plaintiff is seeking reasonable attorneys' fees and costs incurred in prosecuting this action. Notably, under both the FLSA and the NYLL, a successful plaintiff *must* recover his attorneys' fees and costs. *See* 29 U.S.C. 216(b); N.Y Lab. Law §663; *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998). If the Plaintiff prevails on any of his claims, a fee application will be made to the Court.

## IX.    VERDICT

The parties do not consent to less than unanimous verdict.

## X.    TRIAL WITNESSES

Plaintiff's Statement

a.    The Plaintiff, Luis Antonio Ortiz, will be called to testify at trial. Mr. Ortiz will testify, pursuant to his best recollections, to his employment with the Defendants. This testimony will include his job responsibilities, the hours he worked, the pay he received, the Defendants' policies regarding same, as well as the documentation he received during this employment. Mr. Ortiz will further testify to the employer-employee relationship between the Plaintiff and Defendants.

b.    Plaintiff reserves the right to call Matthew M. Azimi in his case in chief as an adverse witness.

c.    Plaintiff reserves the right to call Ali Ahmed in his case in chief as an adverse witness.

d.    Plaintiff reserves the right to call Adel Mohamed Salim a/k/a Adal Mohamed Salim in his case in chief as an adverse witness.

Defendants' Statement

a.    Defendant Ali Ahmed will be called to testify at trial. Mr. Ahmed will testify as to the timing and circumstances of Mr. Ortiz's hire, Mr. Ortiz's work schedule, his regular rate of pay, his overtime rate of pay, and Rockwell's gross receipts in the years 2014 and 2016.

b.    Defendant Adel Salim will be called to testify at trial. Mr. Salim will testify as to Mr. Ortiz's work schedule, his regular rate of pay, and his overtime rate of pay.

c.    Matthew Azimi will be called to testify as to the ownership of Rockwell Coffee Shop, Inc.

d.    Florentino Ojeda may be called to testify as to Mr. Ortiz's period of employment and work schedule.

e.    Francisco Navarrete may be called to testify as to Mr. Ortiz's period of employment and work schedule.

f.    Ali Handro may be called to testify as to Mr. Ortiz's period of employment and work schedule.

g.    Jose Anton Pavon Zamora may be called to testify as to Mr. Ortiz's period of employment and work schedule.

h. Yahya Salym may be called to testify as to Mr. Ortiz's period of employment, work schedule, and Rockwell Coffee Shop's gross receipts.

i. Jamal Alokasheh may be called to testify as to Rockwell Coffee Shop, Inc.'s gross receipts.

## XI.    PROPOSED REQUESTS TO CHARGE, VOIR DIRE QUESTIONS, VERDICT SHEETS

Proposed requests to charge *voir dire* questions and verdict sheets are submitted under separate cover.

## XII.    EXHIBITS

Plaintiff's Exhibits

| Exhibit Designation | Description | Objections | Responses |
|---|---|---|---|
| P-1 | Signed affidavit from Plaintiff stating that he never worked for B&D Pizzeria & Restaurant Corp., d/b/a Luigi's Pizzeria & Restaurant | Irrelevant (FRE 401, 402) | Plaintiff will only place Exhibit P-1 into evidence if the Defendants are allowed to place any documentation concerning the unrelated case of *Ojeda, et al v. B&D Pizzeria & Restaurant Corp., et al*; **S.D.N.Y.** Case No.: 15-cv-0861. |
| P-2 | Rockwell Coffee Shop menu | | |
| P-3 | Photographs of a bottle of Clorox bleach cleaning product | | |
| P-4 | Photographs of a bottle of Fantastik cleaning product | | |
| P-5 | Photographs of Perrier bottled water | | |
| P-6 | Photographs of Fiji bottled water | | |
| P-7 | Photographs of Nesquik Photo | | |
| P-8 | Photographs of Tropicana Orange Juice | | |
| P-9 | Photographs of Tums Antacid | | |

| | | | |
|---|---|---|---|
| P-10 | Photographs of Gatorade sports drink | | |
| P-11 | Photographs of Snapple iced tea | | |
| P-12 | Photographs of Halls cough drops | | |
| P-13 | Photographs of Trident Gum | | |

Plaintiff reserves the right to use any and all documents on Defendants' Exhibit List in his case in chief, for impeachment, or in rebuttal.

Defendants' Exhibits

| Exhibit Designation | Description | Objections | Responses |
|---|---|---|---|
| D-1 | Complaint (D.E. 1) | Hearsay | FRE 801(d)(2); *see also Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 258-29 (2d Cir. 1985). |
| D-2 | Declaration of Matthew Azimi (D.E. 49) | Hearsay and authentication | Not offered for the truth of the matter asserted. |
| D-3 | March 2014 Rockwell Coffee Shop Agreement of Sale (D.E. 49-1) | | |
| D-4 | Rockwell Coffee Shop Bill of Sale signed April 4, 2014 (D.E. 49-2) | | |
| D-5 | Declaration of Luis Ortiz dated March 16, 2017 (D.E. 50-2) | | |
| D-6 | Records of Luis Ortiz wages and hours (D Docs 005 – D Docs 007) | | |
| D-7 | 2014 Rockwell Coffee Shop, Inc. Tax Return (Rockwell_ML_000001-23) | Pursuant to the Court's August 2016 Order Defendants are precluded from contesting the $500,000 threshold issue for purposes of the FLSA | Subject of *in limine* motion. |
| D-8 | 2016 Rockwell Coffee Shop, Inc. Tax return (Rockwell_ML_0000024-59) | Pursuant to the Court's August 2016 Order Defendants are precluded from | Subject of *in limine* motion. |

| | | contesting the $500,000 threshold issue for purposes of the FLSA | |
|---|---|---|---|

## XIII.   DEPOSITION TESTIMONY

The parties' will not be designating any deposition testimony in this action.

## XIV.     DEPOSITION TRANSCRIPT

This section is inapplicable.

## XV.       DEPOSITION TRANSCRIPT – IMPEACHMENT PURPOSES

This section is inapplicable.

**SO ORDERED**

Dated:  New York, New York,

_____

_____
U.S.D.J